UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ISRAEL PONCE,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.,

    Defendant.

Case No.

**10-20337-Civ-Gold/McAliley**

FILED by **LH** D.C.
ELECTRONIC

**Feb. 3, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW

    COMES NOW, the Defendant/Petitioner, BCA FINANCIAL SERVICES, INC., by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida and state as follows:

    1.    Defendant/Petitioner, BCA FINANCIAL SERVICES, INC., has been named as a Defendant in a civil action brought against it in the County Court in and for Miami-Dade County, Florida styled *"Israel Ponce v. BCA Financial Serviceds, Inc."*, Case No.: 09-39777-cc-23. A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant/Petitioner, is attached hereto as Composite Exhibit "A."

    2.    That the aforesaid action was commenced by service of process consisting of said Summons and Complaint, upon the Defendant/Petitioner, BCA FINANCIAL SERVICES, INC., on or about January 6, 2010.

    3.    That the controversy herein between the Plaintiff and Defendant/Petitioner is a controversy based upon consumer protection rights created by and enforced through federal statute

1

15 U.S.C. Sec. 1692 *et seq.* entitled the Fair Debt Collection Practices Act (F.D.C.P.A.).

4. That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5. This Notice of Removal is filed with this Court within 30 days after service on Defendant/Petitioner of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL

### Statement of the Case and Facts

The instant suit is a civil action which includes a federal question, specifically, a claim that the Defendant/Petitioner violated Plaintiff's consumer protection rights under the Fair Debt Collection Practices Act. The original Complaint seeks an award of damages against this Defendant/Petitioner, for alleged violations of this federal consumer protection statute. Plaintiff alleges that he has sustained damages and seeks judgment for those damages against this Defendant/Petitioner.

### Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331. Section 1331 states as follows:

"§1331. Federal question.

*The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The original Complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331. This Honorable Court therefore has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

> *"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ."*

Given that this action is one over which the United States District Court for the Southern District of Florida would have original jurisdiction, this case may properly be removed by Defendant/Petitioner pursuant to 28 U.S.C. §1446(a) which provides:

> *"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, the Defendant/Petitioner has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.

## Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be

filed within thirty (30) days after receipt by Defendant/Petitioner, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. The original Complaint was filed with the Court on December 22, 2009 and served upon the Defendant/ Petitioner on January 4, 2010, and this Petition for Removal has been filed less than thirty (30) days from service of the original Complaint.

## Consent of Co-defendants

Undersigned counsel represents that no other co-Defendant has been listed or served as a party to this lawsuit and, with respect to this removal, and therefore no consent is necessary.

## Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action. 28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

Defendant/Petitioner would submit that Plaintiff has not asserted a claim under state law art this time.

WHEREFORE, Defendant/Petitioner, BCA FINANCIAL SERVICES, INC., respectfully requests this Honorable Court enter its Order removing the entire case from the County Court in and for Miami-Dade County, Florida, to the United States District Court, Southern District of Florida.

Respectfully submitted,

ERNEST H. KOHLMYER, III
Florida Bar No. 0110108

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via facsimile and regular U.S. Mail to Alex D. Weisberg, Esquire, Weisberg & Meyers, LLC, 9369 Sheridan Street, Ste 656, Cooper City, FL 33024, this 2nd day of February, 2010.

_____
ERNEST H. KOHLMYER, III
Florida Bar No. 0110108
South Milhausen, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida 32801
(407) 539-1638; (407) 539-2679 (fax)
Skohlmyer@southmilhausen.com
Attorneys for Defendant

5

IN THE COUNTY COURT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO.  09-39777 CC 23 (5)

ISRAEL PONCE,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, ISRAEL PONCE, by and through his attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, BCA FINANCIAL SERVICES, INC., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 (hereafter the "FCCPA").

### PARTIES

2. Plaintiff, ISRAEL PONCE ("Plaintiff"), is a "consumer" as defined by the FDCPA and FCCPA, who was at relevant times residing in Miami Dade County, State of Florida.

3. At all relevant times herein, Defendant, BCA FINANCIAL SERVICES, INC. ("Defendant") or ("BCA") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6)

EXHIBIT "A"

in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in Miami Dade County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. BCA

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7. Defendant regularly collects debts from consumers such as the Plaintiff.

8. Neither on Defendant's first contact with the Plaintiff, nor within five (5) days thereafter, did Defendant provide Plaintiff with notice of the amount purportedly owed, the name of the creditor to whom the debt was purportedly owed and/or the fact that Plaintiff was entitled to dispute the purported debt.

9. On at least one occasion in the past year, Defendant's employees and agents misrepresented to Plaintiff's wife that they were calling from the IRS.

10. On at least one occasion in the past year, Defendant's employees and agents spoke to Plaintiff about the debt at issue without properly identifying themselves.

11. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendant phoned Plaintiff at 305-

931-3099 on or about 9/23/09 in an attempt to collect the alleged debt. Plaintiff was not at home and Defendant spoke with Plaintiff's wife. Plaintiff's wife asked Defendant to identify themselves, whereupon Defendant told Plaintiff's wife that Defendant was "IRS" in violation of 15 U.S.C. §1692e(10);

b.  Failing to disclose the callers individual identity in a telephone call to Plaintiff. Plaintiff's wife was frightened that the IRS had business with Plaintiff, so she gave Defendant Plaintiff's cell phone number during the call described in section (1). Shortly after this call ended, Defendant called Plaintiff's cell phone and spoke to Plaintiff. At no time during this conversation did the Defendant disclose the name of the individual who made the call in violation of 15 U.S.C. §1692d(6);

c.  Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof. Plaintiff has never received any written correspondence from Defendant and at no time during any telephone conversations were any of the disclosures required by 15 USC § 1692 given to Plaintiff in violation of 15 U.S.C. §1692g(a); and

d.  Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

12.  As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine thus warranting an award of emotional and/or mental anguish damages.

13. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ISRAEL PONCE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST BCA

14. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a. Communicated under the guise of a governmental agency in violation of Fla. Stat. §559.72(10);

b. Failed to adequately identify themselves in violation of Fla. Stat. §559.72(15); and

c. Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

16. As a result of the above statutory violations, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ISRAEL PONCE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Punitive damages:

d. Statutory damages of $1,000.00;

e. Plaintiff's attorneys' fees and costs;

f. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 09-39777 CC 23(5)

ISRAEL PONCE,

        Plaintiffs,

v.

BCA FINANCIAL SERVICES, INC.,

        Defendant.
_____/

**PLEASE SERVE:**
BCA FINANCIAL SERVICES, INC.
c/o Kathleen H. Kinggard
18001 Old Cutler Road, #462
Miami, FL 33157

1/6/10
10:15 AM
[illegible handwriting]

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons, a copy of the complaint or petition in this action on defendant **BCA FINANCIAL SERVICES, INC.**

    Each defendant is required to serve written defenses to the complaint or petition on **Alex D Weisberg**, plaintiff's attorney, whose address is **5722 South Flamingo Road, Suite 656, Cooper City, FL 33330**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on ............................................
               DEC 2 2 2009

                                            As Clerk of the Court
                                            By **Jamil Kirby Shaw**
                                            As Deputy Clerk

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 South Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
ISRAEL PONCE

**DEFENDANTS**
BCA FINANCIAL SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alex D. Weisberg, Esquire, c/o Weisberg & Meyers, LLC, 9369 Sheridan Street, Ste 656, Cooper City, FL 33024; 954-212-2184

**10-20337-Civ-Gold/McAliley**

Attorneys (If Known)
Ernest H. Kohlmyer, III, Esquire, c/o South Milhausen, P.A., Gateway Center, 1000 Legion Place, Suite 1200, Orlando, Florida

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ■ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FILED by LH D.C. ELECTRONIC | Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Appeal of Fee Determination under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | **Feb. 3, 2010** | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI | Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE
DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 USC Section 1692; Fair Debt Collections Practices Act

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 2-2-10

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 235380 IFP