UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO.: 1:10-CV-20337-ASG**

ISRAEL PONCE,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.

    Defendant.

_____/

**DEFENDANT, BCA FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, BCA FINANCIAL SERVICES, INC., by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

**PRELIMINARY STATEMENT**

1. Admitted for purposes of claims identification, jurisdiction and venue for actions brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

**PARTIES**

2. Admitted for purposes of jurisdiction and venue only; otherwise denied;

3. Admitted to the extent that Defendant is a debt collector as that term is defined by state and federal law, otherwise denied.

4. Admitted.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

5.	Defendant reasserts and incorporates by reference the responses contained in Paragraphs 1 through 4 above as if fully stated herein

6.	Admitted;

7.	Admitted;

8.	Denied; Defendant demands strict proof thereof;

9.	Denied; Defendant demands strict proof thereof;

10.	Denied; Defendant demands strict proof thereof;

11.	Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

12.	Denied; Defendant demands strict proof thereof;

13.	Denied; Defendant demands strict proof thereof;

## COUNT II
## FLORIDA'S CONSUMER COLLECTION PRACTICES ACT

14.	Defendant reasserts and incorporates by reference the responses contained in Paragraphs 1 through 13 above as if fully stated herein

15.	Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

16.	Denied; Defendant demands strict proof thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1.	Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error

notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

2. Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

3. Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) year statute of limitations under the Florida Consumer Collection Practices Act.

Fourth Affirmative Defense

4. Defendant affirmatively alleges that the Plaintiff failed to mitigate her damages, if any, in this case.

Fifth Affirmative Defense

5. Defendant affirmatively alleges that the Plaintiff is not entitled to declaratory or injunctive relief under the Fair Debt Collection Practices Act.

Sixth Affirmative Defense

6. Defendant affirmatively alleges that the Plaintiff's claims are barred by express consent, implied consent, waiver and estoppel.

Seventh Affirmative Defense

7. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

Eighth Affirmative Defense

8. Defendant affirmatively alleges that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Respectfully submitted,

/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
SOUTH MILHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida  32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on February 5, 2010, via the Court Clerk's CM/ECF system which will provide notice to the following:

>Alex D. Weisberg, Esq.
>WEISBERG & MEYERS, LLC
>5722 S. Flamingo Road, Suite 656
>Cooper City, Florida 33330
>aweisberg@attorneysforconsumers.com

>/s/Ernest H. Kohlmyer, III
>Ernest H. Kohlmyer, III, Esquire
>Florida Bar No. 0110108
>SOUTH MILHAUSEN, P.A.
>Gateway Center
>1000 Legion Place, Suite 1200
>Orlando, Florida   32801
>(407) 539-1638
>(407) 539-2679 (fax)
>skohlmyer@southmilhausen.com
>Attorney for Defendant