UNITED STATE DISTRICT COURT OF THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:10-20337-CIV-
GOLD/McALILEY

ISRAEL PONCE,

     Plaintiff,

v.

BCA FINANCIAL SERVICE, INC.,

     Defendant.

_____/

## PLAINTIFF'S AMENDED COMPLAINT

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and/or where Defendant transacts business in this district.

### PARTIES

4.     Plaintiff, ISRAEL PONCE ("Plaintiff"), is a natural person who at certain times resided in the State of Florida, County of Miami-Dade, and City of Aventura.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, BCA FINANCIAL SERVICE, INC. ("Defendant") or "BCA" is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     Neither on Defendant's first contact with the Plaintiff, nor within five (5) days thereafter, did Defendant provide Plaintiff with notice of the amount purportedly owed, the name of the creditor to whom the debt was purportedly owed and/or the fact that Plaintiff was entitled to dispute the purported debt.

12.     On at least one occasion in year preceding the filing of Plaintiff's initial Complaint, Defendant's employees and agents spoke to a third party and did not state that they were correcting or confirming location information about the Plaintiff.

13.     On at least one occasion in year preceding the filing of Plaintiff's initial Complaint, Defendant's employees and agents spoke to Plaintiff about the debt at issue without properly identifying themselves.

14.     On at least one occasion in year preceding the filing of Plaintiff's initial Complaint, Defendant's employees and agents spoke to Plaintiff and misrepresented to the Plaintiff that his insurance company was refusing to take care of the relevant medical bill(s), without having any knowledge regarding whether or not this was actually the case.

15.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## <u>COUNT I</u>

16.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17.     Defendant violated 15 U.S.C. § 1692g by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  15 U.S.C. § 1692g;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19.    Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's individual identity in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21.    Defendant violated 15 U.S.C. § 1692b(1) by speaking to someone other than the Plaintiff and failing to state that they were confirming or correcting location information for the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692b(1);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

22.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23.    Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff's insurance company was unwilling to assist Plaintiff in connection with his medical bills.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated  15 U.S.C. § 1692e(10);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

24.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

25.     Defendant violated §559.72(15) of the Florida Consumer Collection Practices Act by failing to adequately identify themselves.

26.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ISRAEL PONCE, by and through his attorneys, respectfully prays for judgment as follows:

      a.     All actual compensatory damages suffered;

      b.     Emotional and/or mental anguish damages;

      c.     Statutory damages of $1,000.00;

      d.     Plaintiff's attorneys' fees and costs;

      e.     Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

27.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 12th day of July, 2010.

Respectfully submitted,
**ISRAEL PONCE**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com


I HEREBY CERTIFY THAT this Notice was filed on this 12th day of July 2010, by means of the CM/ECF system which will send notice of electronic filing to the following: Mr. Ernest Kohlmyer, III, skohlmyer@southmilhausen.com.

By: s/ Alex Weisberg

ALEX D. WEISBERG

FBN: 0566551

WEISBERG & MEYERS, LLC

ATTORNEYS FOR PLAINTIFF

5722 S. Flamingo Road, Ste. 656

Cooper City, FL 33330

(954) 212-2184

(866) 577-0963 fax

aweisberg@attorneysforconsumers.com