UNITED STATES DISTRICT COURT
Southern District of Florida

Case No. 10-20337-Civ-GOLD/McALILEY

ISRAEL PONCE,

    Plaintiff,

v.

BCA FINANCIAL SERVICE, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff, ISRAEL PONCE ("Plaintiff"), by and through his attorneys, Weisberg & Meyers, LLC, hereby submits his Motion for Partial Summary Judgment against Defendant, BCA FINANCIAL SERVICE, INC. ("Defendant"). In support thereof, Plaintiff respectfully states as follows:

**I.     INTRODUCTION.**

Defendant, a third party debt collector, attempted to collect from Plaintiff an obligation alleged due its client, Skin & Cancer Associates. In attempting to collect the subject medical bill, Defendant violated several provisions of the federal Fair Debt Collection Practices Act ("FDCPA"). In particular, Defendant (1) failed to observe statutory guidelines regulating the manner in which a debt collector may communicate with third parties for the purpose of obtaining a consumer's location information, (2) used false, deceptive, and/or misleading representations or means in connection with the collection of the subject debt, and (3) failed to provide Plaintiff with the statutorily mandated notice of rights.

## II.     SUMMARY JUDGMENT STANDARD.

Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This Court "must determine the relevant set of facts and draw all inferences in favor of the opposing party '*to the extent supportable by the record.*' " *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 381 n. 8 (2007) (emphasis in original). The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. *Id.* A "mere scintilla" of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment. *Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Garczynski*, 573 F.3d at 1165.

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *See also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997) ("A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA.").

Whether a communication violates the FDCPA is appropriately disposed of on summary judgment. *See Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997). "Whether a communication would 'confuse a least sophisticated debtor,' thereby violating the FDCPA, is a question of law." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1074 (E.D. Cal. 2008).

2

**III.     THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.**

The FDCPA is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct

3

the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.  *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

## IV. PLAINTIFF IS A CONSUMER, DEFENDANT IS A DEBT COLLECTOR, AND THE SUBJECT OBLIGATION IS DEBT, AS DEFINED BY THE FDCPA.

### A. Plaintiff Is A "Consumer" As Defined By The FDCPA.

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt."  15 U.S.C § 1692a(3).  In the instant matter, Defendant attempted to collect from Plaintiff a medical bill allegedly owed Skin & Cancer Associates – a dermatologist.  (Plaintiff's Statement of Undisputed Material Facts ("SOF"), ¶¶1, 2).  Defendant, accordingly, admits that Plaintiff is a "consumer" as defined by 15 U.S.C § 1692a(3).  (SOF, ¶5).

### B. Defendant Is A "Debt Collector" As Defined By The FDCPA.

"Debt collectors" are defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C § 1692a(6).  For reason that instrumentalities of

4

interstate commerce include telephone and the mails, virtually all commercial collection activities fall within the realm of the FDCPA.

In the instant matter, Defendant attempted to collect from Plaintiff a debt allegedly owed a third party creditor using instrumentalities of interstate commerce, i.e. telephone. (SOF, ¶¶27, 28). Defendant, correspondingly, admits to being a "debt collector" as defined by 15 U.S.C § 1692a(6). (SOF, ¶6).

### C. Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA.

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5). In the instant matter, Defendant attempted to collect from Plaintiff a obligation allegedly owed a dermatologist. (SOF, ¶¶1, 2). The term "debt" as defined by the FDCPA includes medical bills. FTC Official Staff Commentary on the FDCPA, § 803(5), *see e.g., Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997). Defendant, consequently, admits that the alleged obligation at issue in this case is a "debt" as defined by 15 U.S.C. § 1692a(5). (SOF, ¶7).

### V. THE UNDISPUTED FACTS WARRANT JUDGMENT IN FAVOR OF PLAINTIFF ON HIS CLAIM UNDER 15 U.S.C. § 1692b(1).

The FDCPA at section 1692b reads:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information[1] about the consumer shall—
>
> **(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

---

[1] The FDCPA at § 1692a(7) defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

>(2) not state that such consumer owes any debt;
>
>(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
>(4) not communicate by post card;
>
>(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and
>
>(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S.C. § 1692b (emphasis added).

Section 1692b establishes a narrow, limited exception to the general prohibition against third party contacts imposed by the FDCPA. *See Thomas v. Arrow Financial Services, LLC*, 2006 WL 2438346, at *4 (N.D. Ill. 2006) ("section 1692b governs the contents of communications sent to parties other than the indebted consumer in an effort to seek location information.").[2] A report of the United States Senate, with regard to section 1692b, reads in part:

---

[2] A consumer-debtor has standing to enforce a debt collector's violation of section 1692b. *Diaz v. D.L. Recovery Corp.*, 486 F. Supp. 2d 474, 477-78 (E.D. Pa. 2007) (rejecting defendant's contention that consumer lacked standing merely because debt collector's conduct was directed at a third party); *see also Allen v. Checkredi of Kentucky, LLC*, 2010 WL 4791947, *6 (E.D. Ky. 2010) (granting summary judgment in favor of a consumer as to a debt collector's violation of section 1692b in conversation with a third party); *Clayson v. Rubin & Rothman, LLC*, --- F. Supp. 2d ----, 2010 WL 4628516, *4 (W.D. N.Y. 2010) ("Since the FDCPA is a strict-liability statute, the undisputed evidence of defendant's communications [with the plaintiff's mother] suffices to establish, as a matter of law, that those communications violated [section] 1692b(2)"). This is consistent with Congress' intent that the FDCPA be enforced by debtors acting as private

> Obtaining location information
>
> While this legislation strongly protects the consumer's right to privacy by prohibiting a debt collector from communicating the consumer's personal affairs to third persons, the committee also recognizes the debt collector's legitimate need to seek the whereabouts of missing debtors. Accordingly, this bill permits debt collectors to contact third persons for the purpose of obtaining the consumer's location. In seeking this information however, the debt collector must observe certain guidelines. . . .

S. REP. 95-382, 4, 1977 U.S.C.C.A.N. 1695, 1698, 1977 WL 16047, 3.

Defendant failed to observe those "certain guidelines." In particular, the FDCPA requires that a debt collector must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer." 15 U.S.C. § 1692b(1); *see also Charest*, FTC Informal Staff Letter (Sept. 13, 1996), available at http://www.ftc.gov/os/statutes/fdcpa/letters/charest.htm, (finding a voice message left by a debt collector with a third party would violate section 1692b(1) because "it does not mention that its purpose is to confirm or correct location information concerning the consumer.").

In the matter at hand, Defendant's debt collector employee acknowledges that she called a person other than Plaintiff for the purpose of acquiring location information about Plaintiff. (SOF, ¶¶22-26). Defendant's debt collector employee concedes that during that conversation she did not state that she was confirming or correcting location information concerning the consumer. (SOF, ¶¶22-26). Significant, "[t]he FDCPA establishes a strict liability standard; a consumer need not show [an] intentional violation of the Act by a debt collector to be entitled to damages." *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167, at *3 (S.D. Fla. 2009) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996)). Defendant is therefore liable to Plaintiff for its violation of section 1692b.

---

attorneys general. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

## VI. THE UNDISPUTED FACTS WARRANT JUDGMENT IN FAVOR OF PLAINTIFF ON HIS CLAIM UNDER 15 U.S.C. § 1692e(10).

The FDCPA provides at section 1692e(10):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *
>
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of section 1692e provide a non-exhaustive list of practices that fall within such prohibited conduct.

A debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by the FDCPA. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a general standard affording courts the ability to proscribe conduct not specifically addressed in section 1692e. One Senate Report reads:

> [T]his bill prohibits in general terms any harassing unfair or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.

S. Rep. No. 382, 95th Cong. at 4; *see also* FTC Official Staff Commentary § 807.

Section 1692e borrows the legal concept of deception from the Federal Trade Commission Act ("FTC Act"). 15 U.S.C. § 45; *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th

Cir. 1985). Because the FDCPA expressly recognized the inadequacy of existing laws – including the FTC Act – to protect consumers, the idea of deception encompassed by section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted. 15 U.S.C. § 1692b; *see also Jeter*, 760 F.2d 1168.

    **A.**    **Defendant's Communication Must Be Evaluated In Accordance With The Least Sophisticated Consumer Standard.**

The least sophisticated consumer standard applies to an allegation that a debt collector violated the FDCPA at section 1692e. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988) ("Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor.") "Under subsection (10), we must consider whether the 'least sophisticated consumer' would be deceived. . . ." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 (11th Cir. 1985).

"[T]he FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." *Clomon v. Jackson,* 988 F.2d 1314, 1318-19 (2d Cir.1993).

> The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

*Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993) (quoting *FCC v. Standard Educ. Soc'y*, 302 U.S. 112, 116 (1937)).

    **B.**    **Defendant's Communications Must Be Construed Against The Backdrop Of The Ordinary Connotations And Implications Of Representations Made.**

The test for deception under section 1692e is the "the capacity of the statement to mislead; evidence of actual deception is unnecessary." *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996) (refusing "adopt a hyper-literal approach which

9

ignores the ordinary connotations and implications of language as it is used in the real world"). "There are numerous and ingenious ways of circumventing [the FDCPA] under a cover of technical compliance. [The defendant] has devised one such way, and we think that to uphold it would strip the statute of its meaning." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991). "[E]ven equivocal language can constitute an impermissible threat under § 1692e." *Uyeda v. J.A. Cambece Law Office, P.C.*, 2005 WL 1168421, at *4 (N.D. Cal. 2005); *see also Brown v. Law Offices of Butterfield, Joachim*, 2004 WL 1175819 (E.D. Pa. May 27, 2004) (rejecting the defendant's "qualified language" defense, and granting summary judgment for the consumer-debtor).

### C. Literal Truths, Partial Truths, And Ambiguous Statements May Violate The Prohibition Of Misleading Statements Outlined By Section 1692e.

Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. *See McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) ("in some cases 'the literal truth may convey a misleading impression that violates § 1692e' "); *Forsberg v. Fidelity Nat. Credit Services, Ltd.*, 2004 WL 3510771, at *5 (S.D. Cal. 2004)[3] ("Even '[l]iterally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. Good Faith is not a defense'."); *Rosa v. Gaynor*, 784 F. Supp. 1, *12 (D. Conn. 1989)[4] ("'[A] statement which is literally true may, nonetheless, be unlawfully deceptive.'"). The failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the

---

[3] Plaintiff's citation to *Foresberg v. Fidelity Nat. Credit Services, Ltd.*, 2004 WL 3510771 (S.D. Cal. 2004) is submitted to the extent that it complies with Circuit Rule 36-3.

[4] Plaintiff's citation to *Rosa v. Gaynor*, 784 F. Supp. 1 (D. Conn. 1989) is submitted to the extent that it complies with Circuit Rule 36-3.

10

disclosures made are too inconspicuous.  *See Simeon Management Corp. v. FTC.*, 579 F.2d 1137 (9th Cir. 1998).

### D. Defendant's Communications Constitute A Violation Of Section 1692e Even If Defendant Did Not Intend The Falsity Of Its Representations.

Section 1692e applies "even when a false representation was unintentional." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d at 1175-1176 (quoting *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).  Requiring a violation of section 1692e to be knowing or intentional needlessly renders superfluous section 1692k(c).  *Security Pac. Nat'l Bank v. Resolution Tr. Corp.*, 63 F.3d 900, 904 (9th Cir. 1995).

### E. Defendant Violated The FDCPA At Section 1692e(10) By Misrepresenting To Plaintiff That His Insurance Company Was Unwilling To Assist Him In Connection With His Medical Bills – Thus, He Must Pay To Defendant The Amount Requested.

Defendant's debt collector employee contacted Plaintiff in effort to collect an obligation alleged due a dermatologist.  (SOF, ¶¶27-28).  Upon Plaintiff's inquiry as to why his insurance company would not cover the medical bill, Defendant's debt collector employee stated: "Well sir, your insurance company will not go ahead and take care of this now."  (SOF, ¶31).  Confused, Plaintiff asked: "They will not?"  (SOF, ¶31).  Defendant's debt collector employee replied: "No."  (SOF, ¶31).

Defendant's debt collector employee, however, had no knowledge as to whether Plaintiff's insurance company would, or would not "go ahead and take care of" the obligation that Defendant sought to collect from Plaintiff.  (SOF, ¶¶32-33).  In fact, Defendant's debt collector employee concedes that she was at no point in possession of any information upon which she even could have based her statement that Plaintiff's insurance company would not

11

cover the debt that she attempted to collect from him.  (SOF, ¶¶34-36).  Rather, Defendant's debt collector employee made such a false, deceptive, and/or misleading statement to Plaintiff in effort to coax him into paying the obligation alleged due.  (SOF, ¶¶34-36).  Defendant is therefore liable to Plaintiff for its violation of section 1692e(10).

**VII.    THE UNDISPUTED FACTS WARRANT JUDGMENT IN FAVOR OF PLAINTIFF ON HIS CLAIM UNDER 15 U.S.C. § 1692g(a).**

FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).  The FDCPA at section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The purpose of providing validation notice is to ensure the consumer is aware of his legal rights, including that he is entitled to verification of a debt's validity. *Frey v. Gangwish*, 970 F.2d 1516, 1519 (6th Cir. 1992). For this reason, the protections afforded consumers by the FDCPA go beyond merely requiring that a 1692g notice be sent; rather it must be "*properly sent.*" *Johnson v. Professional Collection Consultants*, 2010 WL 2196571, at *8 (S.D. Cal. 2010) (rejecting the defendant's claims that "it has no liability as long as it sends a letter *somewhere; anywhere.*") (emphasis in original). "If debt collectors could satisfy the FDCPA by merely sending validation notices to *any* address, valid or invalid, it would not serve to inform debtors of their rights, and would constitute an abusive debt collection practice." *Johnson v. Midland Credit Management Inc.*, 2006 WL 2473004, at *12 (N.D. Ohio 2006).

In *Johnson v. Midland Credit Management, Inc.*, the court explained:

> Midland has put forth no evidence to suggest it actually sent Johnson a validation notice at a valid address. Midland's violation in this case resulted when it obtained a new address for Johnson, and instead of sending out a new validation notice, it proceeded with its debt collection activities as if its first correspondence was sent to a correct address. Accordingly, since Midland failed to send Johnson a validation notice within five days of the first correspondence it actually sent to a valid address, the January 13, 2005 NY50 letter, Midland violated the FDCPA, 15 U.S.C. § 1692g(a).

*Id*. at 13.

Noteworthy, even though a letter may not be returned in the mail, "that does not itself establish that the address to which it was sent was valid." *Palisades Collection, L.L.C. v. O'Brien*, 873 N.E.2d 923, 929 (Ohio App. 2007) ("it is entirely possible that the current resident of [the address to which defendant mailed a 1692g notice], having received what looked like junk mail addressed to the former resident, simply pitched it in the trash, a common enough occurrence.").

13

In the instant matter, at no time did Defendant verbally communicate to Plaintiff the information required by section 1692g(a). (SOF, ¶8). Plaintiff never received any written notice containing the information required by section 1692g(a). (SOF, ¶9). In fact, despite acknowledging that it had an incorrect address listed for Plaintiff on the date that it allegedly mailed the requisite notice under section 1692g(a) to him, Defendant concedes that it did not bother to send Plaintiff requisite notice under section 1692g(a) even after having been provided with a correct address. (SOF, ¶¶10-15). What's more, Defendant concedes that it did absolutely nothing to determine Plaintiff's valid address prior to allegedly sending him the requisite notice under section 1692g(a) (SOF, ¶18), and that it has no procedures in place to ensure that an initial validation notice is sent to the proper address (SOF, ¶20). Defendant is therefore liable to Plaintiff for its violation of section 1692g(a).

## VIII.   CONCLUSION.

Plaintiff respectfully requests that this Court enter an order granting Plaintiff's Motion for Partial Summary Judgment.

 s/ Alex Weisberg
Alex Weisberg (Fla. Bar. No. 0566551)
aweisberg@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
5722 S. Flamingo Road, Ste. 656
Cooper City, FL 33330
Telephone:   (786) 245-8622
Facsimile:    (866) 577-0963

## Certificate of Service

I hereby certify that on February 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Alex Weisberg
Alex Weisberg

## Service List

Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
SOUTH MILHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida 32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant