UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:10-20337-CIV-GOLD/MCALILEY

ISRAEL PONCE,

        Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.

        Defendant.
_____/

## DEFENDANT, BCA FINANCIAL SERVICES, INC.'S RESPONSE IN OPPOSITION TO COURT'S SUA SPONTE MOTION FOR SUMMARY JUDGMENT AS TO COUNT II OF PLAINTIFF'S AMENDED WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant, BCA FINANCIAL SERVICES, INC. (hereinafter referred to as "BCA"), by and through its undersigned attorneys and pursuant to Rule 56, Federal Rules of Civil Procedure, hereby files opposition to the court's order seeking to grant judgment *sua sponte* in favor of Plaintiff as to Count II (namely 15 U.S.C Section 1692d(6)) of Plaintiff's Amended Complaint, and in opposition thereof, states as follows:

### Motion for Summary Judgment

1.    Plaintiff is not entitled to summary judgment as to Plaintiff's Count II alleging that Defendant violated 15 U.S.C. Section 1692d(6) arising out of Iris Morano's debt collection call to the Plaintiff since Defendant is entitled to the FDCPA's bona fide error defense since the evidence before the court has demonstrated genuine issue of fact to establish all elements of the defense included that the conduct was unintentional and occurred despite the existence of policies and procedures to prevent such an error.

## STATEMENT OF UNDISPUTED FACTS TO SUPPORT DEFENDANT'S BONA FIDE ERROR DEFENSE

BCA was retained by Skin and Cancer Associates to recover an amount allegedly due and owing by Plaintiff, Israel Ponce in the amount of $378.35 on November 5, 2008 **[See: Dk. 16 Exhibit 1 and 11]** Immediately following the collection call to the resident telephone number, BCA, by and through its collection representative, Iris Moreno, called the Plaintiff at the alternative number provided Plaintiff's spouse, identifying herself as calling from BCA Financial and seeking a past due balance owed by the Plaintiff to Skin and Cancer Associates in an attempt to collect such a debt. **[See Dk. 16 Exhibit 3]**

Later that same day, Plaintiff called back to BCA and spoke with Arianne Mateo, who identified her name, the name of the business, all required disclosures, including providing the name of the previous collector, Iris, and well as provided the mailing address for payment to the Plaintiff. **[See Dk. 16 Exhibit 4]**

In the course of collections, BCA utilizes and maintains computer records which detail the collection activities account information received from its original creditor clients such as Skin and Cancer Associates and is in possession of the collection notes associated with Account Number 26294004 in the name of Israel Ponce. **[See Dk. 16 Ex. 1 and 5]** These collection notes serve as BCA's institutional (assigned account number) memory regarding the collection activities of its accounts and such records are kept in the ordinary course of business for BCA. **[See Dk. Ex. 1 and 5]** BCA also maintains policies and procedures for handling of collection accounts in compliance with the Fair Debt Collection Practices Act, including compliance with Section 1692d(6) which requires the debt collector to the debt collector to disclosure the caller's identity during the call.

A copy of each relevant policy and procedure is incorporated in Exhibit 9 **[See: Dk. 16 Exhibits 1, 8, 9,10]**;

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Summary Judgment Standard*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment *"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."* In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.1979). In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir.1985). Although the moving party has the burden of showing that no genuine issue of material fact exists, the non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict

for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

### ARGUMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT WITH CITATIONS TO AUTHORITY

**The court should rule that Plaintiff is not entitled to summary judgment as to Count II since the audio recording clearly demonstrates that BCA's collection representative provided meaningful disclosure of the business name and debt collection purpose as required under Section 1692d(6)[1]**

The court now asserts that the Plaintiff is entitled to judgment *sua sponte* as to Counts II of the Amended Complaint by claiming that no genuine issue of fact is in dispute that Defendant violated the FDCPA for failing to provide "meaningful disclosure" and/or "adequate identification" during the collection communication between Ms. Moreno and the Plaintiff on September 23, 2011. Defendant previously asserted that the audio recording itself demonstrates that the caller was BCA Financial who was adequately identified itself during the call that the FDCPA does not require that the actual employee state his or her name in addition to the corporate identity to satisfy Section 1692d(6).

*Section 1692(d)6)*

First, Plaintiff seeks damages under the FDCPA for an alleged violation of Section 1692d(6) which states in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the

---

[1] Defendant recognizes that the court declined to agree with the argument presented by Defendant in its own affirmative summary judgment motion but re-argues the position in opposition to preserve the argument for appellate review to the Eleventh Circuit.

> general application of the foregoing, the following conduct is a violation of this section:
>
> **(6)** Except as provided in Section 1692b of this title, the placement of telephone calls <u>without meaningful disclosure of the caller's identity</u>.

In this case, Defendant was fortunate to have the actual audio recording of the conversation between Iris Moreno, collection representative of BCA, and the Plaintiff place on September 23, 2009, in this matter.[2] It is clear from the audio recording that Ms. Moreno clearly states, after confirming the proper identity of Mr. Ponce (the actual debtor) in compliance with the FDCPA, that *"I am calling from BCA Financial Services"…due to the medical nature of this phone call can you verify the year of your birth, please"* **[Dk. 16 Ex. 3]** Section 1692d(6) does not specifically require the actual caller to identify herself by name but only to provide "meaningful disclosure" of the caller's identity to which the clear identification of the business' name as well as the other federal required disclosures. BCA asserts that the audio recording clearly demonstrates that the Plaintiff was provided with a meaningful disclosure of the caller's identity and thus is entitled to judgment as a matter of law as to Count II of Plaintiff's Amended Complaint.

### **<u>Defendant BCA is entitled summary judgment as to all counts under the FDCPA's "bona fide error" defense as BCA has demonstrated by undisputed evidence that any alleged actions were unintentional and occurred despite reasonable policies and procedures maintained by BCA to prevent such errors.</u>**

As argued in its opposition to Plaintiff's summary judgment, BCA contends it is protected by the "bona fide error" defense under the FDCPA as to the allegations asserted under Section 1692d(6). It is well recognized that in order to demonstrate its entitlement to judgment as

---

[2] A copy of these audio recordings has been conventionally filed with this court on a CD-Rom containing the audio file this conversation for the court's review and consideration. **[See: Dk. 15]**

a matter of a law under the FDCPA "bona fide error" defense found at 15 U.S.C. § 1692k(c), BCA must show by a preponderance of the evidence that: (1) the violation was unintentional and (2) occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. As to each alleged violation, BCA has demonstrated that it maintains reasonable policies and procedures in place to ensure that such violations do not occur.

The record evidence before this court demonstrates that BCA has trained its collectors and maintains policies to avoid violations of the Section 1692d(6). The evidence before the court, as submitted by the Defendant, demonstrates that BCA had Procedure 4.1 contained in document number WI0019 which provides the required script for collectors when the call recording disclosure is required. This script clearly indicates that BCA requires its collectors to state *"Hello, this is <<insert employee's name>>. I am calling from BCA Financial Services, Inc., a debt collection company. This call may be recorded for quality assurance purposes."* **[See Dk. 16 Exhibit 9 ]** Further, Ms. Morano testified in her deposition that during the first telephone call to the plaintiff's spouse that she identified herself by her actual name, Iris. **[See Dk. 16 Exhibit 8, page 22]** Also, Ms. Moreno testified that she was trained by BCA that to give the debtor her full name when she identifies herself and that is what she does most of the time unless interrupted by the debtor during the call. **See Dk. 16 Exhibit 8, page 22]** Ms. Moreno has provided an affidavit stating that the failure to leave her name was not intentional and such act was contrary to the policies and procedures of BCA to avoid this type of FDCPA violation. **[See Exhibit 1: Affidavit of Iris Moreno]**

Based on the foregoing, BCA asserts that Plaintiff is not entitled to summary judgment as a matter of law as to Count II of the Amended Complaint. Genuine issues of material fact exists as to whether Defendant is entitled to the bona fide error defense as it applies to Plaintiff's Count

II allegation.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on **June 10, 2011,** with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to

        Alex D. Weisberg, Esq.
        WEISBERG & MEYERS, LLC,
        5722 S. Flamingo Road, Suite 656,
        Cooper City, Florida 33330;
        aweisberg@attorneysforconsumers.com.

        **/s/ Ernest H. Kohlmyer, III**
        Ernest H. Kohlmyer, III
        Florida Bar No. 0110108
        SOUTH MILHAUSEN, P.A.
        Gateway Center
        1000 Legion Place, Suite 1200
        Orlando, Florida 32801
        (407) 539-1638
        (407) 539-2679 (fax)
        skohlmyer@southmilhausen.com
        Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:10-20337-CIV-GOLD/MCALILEY

ISRAEL PONCE,

        Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.

        Defendant.

_____/

## AFFIDAVIT OF IRIS MORENO

**COUNTY OF MIAMI-DADE** )
**STATE OF FLORIDA** )

BEFORE ME, the undersigned duly authorized in the County and State aforesaid to administer oaths, personally appeared Iris Moreno, an employee of BCA Financial Services, Inc., having been duly sworn, deposes and says:

1. My name is Iris Moreno, and I am over 18 years of age and am competent to testify to the matters herein. I have personal knowledge of the facts recited in this affidavit.

2. I am a collection representative of BCA Financial Services, Inc. located at 18001 Old Cutler Road, Suite 462, Miami, Florida 33157.

3. BCA Financial Services, Inc. ("BCA") was retained to recover amount due and owing by Israel Ponce in the amount of $378.35 for medical services rendered March 26, 2008.

EXHIBIT 1

4. I have had the opportunity to review the account records on Mr. Ponce's file which are maintained in the ordinary course of business with our company and assert at the time that the past due balance was placed with BCA, that our company began the collection of the past due balance on November 14, 2008 by mailing our standard collection notice as required by the FDCPA to Mr. Ponce at the mailing address provided by the original creditor which was 19308 N.E. 25th Avenue, Apartment 194, Aventura, Florida 33180.

5. I also had the opportunity to review the audio recording played during my deposition taken on January 31, 2011 which was my conversation with Mr. Ponce on September 23, 2009.

6. As I stated during my deposition, BCA trains its collectors to comply with the provisions of the Fair Debt Collection Practices Act (FDCPA) including the requirement to provide meaningful disclosure of the caller. BCA requires as a part of its company policy for its collectors to use a script which includes identifying myself by my full name when speaking with the intended caller.

7. The audio recording of my conversation identifies that I was calling from BCA Financial, my employer and my failure to give my full name during the telephone call was against the policy and procedures of BCA and an unintentional error on my part.

8. My deposition testimony accurately states that I normally give my full name in accordance with the required script and the failure to give my name in this call was contrary to my regular practice as a debt collector for BCA.

Date: 6/9/11

Name: *Iris Moreno*

Title: Collector

For: BCA Financial Services, Inc.

Subscribed and sworn to before me

this 9 day of June, 2011.

*E. Piontkowski*

E. PIONTKOWSKI
Notary Public, State of Florida
Commission #EE5720
My Commission Expires Jun. 30, 2014