UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-cv-20337-GOLD

ISRAEL PONCE,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.

    Defendant.
_____/

**ORDER AMENDING PREVIOUS SUMMARY JUDGMENT ORDER; REFERRING MOTIONS TO JUDGE GOODMAN; ADMINISTRATIVELY CLOSING CASE**

THIS CAUSE is before the Court upon Defendant's Response to the Court's Summary Judgment Order. [ECF No. 34]. The Defendant has opposed the Court's intention to grant Summary Judgment *sua sponte* in favor of Plaintiff as to Count 2 of Plaintiff's Amended Complaint, and Defendant has come forward with an affidavit from one of its employees in support of its position. [ECF No. 33, pp. 23–24; ECF No. 34, pp. 9–10]. For the reasons described below, I agree with Defendant and amend the previous Order accordingly.

The facts and procedural history of this case are set forth in detail in my Summary Judgment Order on dated May 24, 2011. [ECF No. 33]. Essentially, Plaintiff claims that the Defendant debt-collection agency violated four provisions of the Fair Debt Collection Practices Act ("FDCPA") by using improper methods in trying to collect his debt during the fall of 2009. The Parties filed cross motions for Summary Judgment on Plaintiff's four counts; I granted Summary Judgment in favor of Plaintiff as to counts 1, 3, and 4 of its Complaint, and I denied Defendant's Summary Judgment Motion on all

1

counts. I also placed Defendant on notice that even though Plaintiff did not move for Summary Judgment on count 2 of its Complaint, the evidence warranted Summary Judgment in favor of the Plaintiff. I directed Defendant to file a submission with the Court on or before June 10, 2011, in which it should explain why I should not grant Summary Judgment in favor of the Plaintiff on count 2. Defendant complied with my instructions, filing a Response and arguing that it was entitled to protection under the FDCPA's bona fide error defense doctrine under 15 U.S.C. § 1692k(c).

Plaintiff's Count 2 concerns the disclosure requirements set forth in 15 U.S.C. § 1692d(6). Although this statutory provision requires that debt collectors provide their individual names when calling debtors, the evidence indicates that Defendant's agent, Ms. Moreno, called the Plaintiff on September 23, 2009, and failed to provide her name to the Plaintiff during their conversation. Despite this error, Defendant should not be liable if it can show by a preponderance of the evidence that (1) the violation was unintentional and (2) it occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1692k(c).

According to Ms. Moreno's affidavit submitted with Defendant's most recent filing, her failure to give Plaintiff her individual name during their phone conversation was not intentional. [ECF No. 34, p. 9, ¶ 7]. Further, this error occurred despite Defendant's internal Procedure 4.1, which requires Defendant's callers to follow a script in their telephone calls and to provide their names during those calls. [ECF No. 16, Exh. 9]. Ms. Moreno's testimony confirms that she was trained by BCA Financial Services to give the debtor her full name during calls. [ECF No. 16, Exh. 8, pp. 12, 13, 14]. This

evidence is sufficient to provide Defendant with protection under the bona fide error defense doctrine.

In my previous Summary Judgment Order, I directed Plaintiff to respond to Defendant's arguments concerning count 2 by June 17, 2011. [ECF No. 33, p. 24]. On that date, Plaintiff filed a Bill of Costs and Motion for Attorney fees, but he did not respond to Defendant's June 10 submission. [ECF Nos. 35, 36]. The factual record is not in dispute on this issue and there is no need for a jury to consider the evidence.[1] According to the undisputed record, Defendant should not be held liable for violating 15 U.S.C. § 1692d(6).

Accordingly, it is hereby ORDERED AND ADJUDGED:

1. The Order Granting Plaintiff's Summary Judgment Motion; Denying Defendant's Summary Judgment Motion [ECF No. 33] is **AMENDED** as follows:

   a. Defendant's Motion for Summary Judgment [ECF No. 16] is **GRANTED** as to Count 2 of Plaintiff's Complaint.

   b. Plaintiff shall not recover any damages, costs, or attorney fees for Defendant's violation of 15 U.S.C. § 1692d(6) because Defendant is protected from liability under the bona fide error defense.

---

[1] Defendant opposed the Court's intention to grant *sua sponte* summary judgment in favor of the Plaintiff by arguing that there were disputes of fact. But as noted in my previous Order, the Parties do not disagree about any factual aspect of the telephonic transcript between Ms. Moreno and Plaintiff. [ECF No. 33, p. 12]. Nor has Plaintiff come forward with any arguments that Defendant's policies, Ms. Moreno's affidavit, or her deposition testimony are disputed in any way. Thus, the dispute boils down to a question of law for the Court.

2. The Order Granting Plaintiff's Summary Judgment Motion; Denying Defendant's Summary Judgment Motion [ECF No. 33] shall remain valid in all other respects.[2]

3. Plaintiff is entitled to statutory damages in the amount of $1,000.00 for Defendant's three FDCPA violations.[3]

4. A separate judgment will be issued concurrently with this Order.

5. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida, Plaintiff's Motion for Attorney Fees [ECF No. 35] and Motion for Bill of Costs [ECF No. 36] are hereby **REFERRED** to United States Magistrate Judge Jonathan Goodman.

6. This case is **ADMINISTRATIVELY CLOSED** subject to Judge Goodman's Report on the two pending motions on costs and attorney fees.

DONE and ORDERED in Chambers in Miami, Florida, this ___ day of July, 2011.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Jonathan Goodman
All counsel of record

---

[2] Defendant also asserted that it could invoke protection under the doctrine of bona fide error for Plaintiff's counts 1, 3, and 4, but Defendant failed to fully articulate any arguments about the defense on those counts when opposing Plaintiff's Summary Judgment Motion. To avoid confusion, my determination now that Defendant may invoke protection under that doctrine in relation to its count 2 shall not have any effect on my previous determination that Defendant could not benefit from the same protection as to counts 1, 3, and 4. Defendant was under an affirmative duty to come forward with valid arguments about that doctrine at the time it opposed Plaintiff's Summary Judgment Motion on those counts. Because it failed to do so at that time, it may not do so now.

[3] Defendant asserts that it should be held liable for damages no greater than $75.00 because its violations of the FDCPA were *de minimus*. [ECF No. 38, p. 4]. I disagree. Considering the three violations combined, and, in particular, the manipulation exhibited by Defendant's agent who violated § 1692e(10), I find that Plaintiff should be entitled to the maximum amount of statutory damages under § 1692k(b).